IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEBRA K. JAMES** *ex rel* **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**MIDLANDS CHOICE, INC.,** a Nebraska corporation,<br><br>Defendant. | 8:13CV69<br><br>ORDER |

    This matter is before the court on the plaintiff's, Debra K. James (James), Motion for Leave to File Amended Complaint (Filing No. 66). James filed a brief (Filing No. 69) in support of the motion. The defendant, Midlands Choice, Inc. (Midlands), filed a brief (Filing No. 73) in opposition. James filed a brief (Filing No. 82) in reply.

## BACKGROUND

    This case involves James' termination from Midlands in June of 2012. **See** Filing No. 1 - Complaint. James generally alleges Midlands terminated her for exercising her rights under the Family Medical Leave Act (FMLA) and for identifying Midlands' breach of contract with a health care provider. *Id.* James, an at-will employee, worked full-time as Midlands' Director of Provider Contracting from 2004 to June 1, 2012. *Id.* at 4-10. James' job responsibilities included negotiating contracts with health care providers. *Id.* In late 2010, James discovered and reported to Midlands' management that Midlands failed to implement negotiated contract terms with a provider. *Id.* As a result, the pricing on claims was incorrect.[1] *Id.* James alleges Midlands unilaterally altered the effective date of the negotiated contract with the provider to avoid re-adjudicating the claims. *Id.* James reported to senior management failure to implement the contract terms was illegal and fraudulent. *Id.*

---

    [1] The contract pricing with providers was the basis for calculating and submitting claims to primary insurers and secondary government programs such as Medicare, Medicaid, and an Iowa reimbursement program. **See** Filing No. 1 - Complaint.

During James' employment she suffered a non-work related injury in May of 2011 and a work related injury in April of 2011.  *Id.*  The second injury required surgery and rehabilitation.  *Id.*  James took FMLA leave for the second injury.  *Id.*  Midlands did not timely report or file James' workers' compensation matter regarding the second injury.  *Id.*  Following James' inquiry into Midlands' treatment of her FMLA leave time for both injuries, Midlands recalculated the amount of time attributed to James' leave.  *Id.*  James also questioned Midlands' allocation of time attributed to workers' compensation for work related injuries James reported.  *Id.*  Within months after raising such questions, Midlands terminated James' employment.  *Id.*

James filed her complaint against Midlands on March 1, 2013.  **See** Filing No. 1 - Complaint.  On October 7, 2013, Midlands filed an answer and counterclaim.  **See** Filing No. 28 - Answer.  Midlands generally denies James' allegations and asserts several affirmative defenses.  *Id.* at 1-16.  In Midlands' counterclaim, Midlands alleges James breached her Employee Confidentiality Agreement by removing and disclosing confidential and proprietary information belonging to Midlands without Midlands' knowledge or authorization.  *Id.* at 16-19.

On November 12, 2013, the court entered an initial progression order.  **See** Filing No. 31.  The deadline to amend pleadings was December 17, 2013.  *Id.*  The court entered a final progression order on February 7, 2014.  **See** Filing No. 46.  The court set August 29, 2014, as the deadline for discovery and October 20, 2014, as the date of trial.  *Id.*  On May 6, 2014, Midlands' management employees, Greta Vaught and Sharon Rasmussen, were deposed.  **See** Filing No. 73 - Response.  James was deposed on June 11, 2014.  *Id.*  The following day, James filed the instant motion to amend her complaint.  **See** Filing No. 66 - Motion.  James seeks to amend her complaint for the first time to add a cause of action for wrongful discharge.  *Id.*

James argues her amended complaint is made in good faith, is not futile, will not cause undue delay, and will not unduly prejudice Midlands.  **See** Filing No. 69 - Brief.  James argues her failure to include her workers' compensation claim was an oversight.  *Id.*  James contends the issues in James' wrongful discharge claim are substantially related to the claims pleaded in her original complaint.  *Id.*  James asserts Midlands is well aware of the facts underlying James' wrongful discharge claim.  *Id.*  Lastly, James

2

argues she would suffer hardship if she were denied a trial on the merits of her wrongful discharge claim. *Id.*

Midlands argues James fails to show good cause for modification of the court's scheduling order. **See** Filing No. 73 - Response. Midlands argues James has been fully aware of her additional claim since the time James filed her complaint. *Id.* Additionally, Midlands contends it would suffer prejudice if James is allowed to amend her complaint because depositions of the relevant management employees have already occurred. *Id.* Midlands contends neither its management employees nor James were questioned about the workers' compensation issue. *Id.* Lastly, Midlands argues the amendment would be futile because James is already pursuing a retaliation claim under the FMLA. *Id.* If James is allowed to amend the complaint, Midlands asks for costs and fees associated with any additional discovery. *Id.*

In reply, James argues she has established good cause for the amendment because she has not sought a prior extension of deadlines, the proposed amended complaint does not add new or unknown factual allegations or parties, and Midlands has already provided documents relevant to James' injuries underlying the workers' compensation issue. **See** Filing No. 82 - Reply. James also argues Midlands will not suffer prejudice because discovery remains open. *Id.* James contends to the extent Midlands does not possess records pertaining to the workers' compensation issue, such records will be produced as James recently filed notices of intent to serve subpoenas on Midlands' workers' compensation insurance carrier and James' treating physician and surgeon. *Id.* (**citing** Filing Nos. 75-77). Lastly, James' argues her amendment is not futile because she is permitted to plead alternative theories of recovery. *Id.*

## ANALYSIS

A court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15. However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." **Reuter v. Jax Ltd., Inc.**, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation

3

omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. **Roberson v. Hayti Police Dep't**, 241 F.3d 992, 995 (8th Cir. 2001); see **Hanks v. Prachar**, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. See **Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. See **Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." **Id.** at 497.

"If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." **Id.** (**citing** Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); see **Hartis**, 694 F.3d at 948. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." **Hartis**, 694 F.3d at 948 (citation omitted). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 717 (8th Cir. 2008). "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings, then we may conclude that the moving party has failed to show good cause." **Hartis**, 694 F.3d at 948 (internal quotation marks omitted) (alteration in original).

A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. See **Geier v. Mo. Ethics Comm'n**, 715 F.3d 674, 678 (8th Cir. 2013) (finding amendment futile where court had already considered argument in dispositive motion). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." **Becker v. Univ. of Neb. at Omaha**, 191 F.3d 904, 908 (8th Cir. 1999) (internal quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" or "legally insufficient on its face." **Becker**, 191 F.3d at 908; **Williams v. Little Rock Mun. Water Works**, 21 F.3d 218,

4

225 (8th Cir. 1994) (citation omitted). "When the court denies leave [to amend] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" **Briscoe v. Cnty. of St. Louis, Mo.**, 690 F.3d 1004, 1015 (8th Cir. 2012) (first alteration in original) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) (internal citation omitted); see **Am. Family Mut. Ins. Co. v. Hollander**, 705 F.3d 339, 348 (8th Cir. 2013).

James has shown good cause to substantiate her motion for leave to amend her complaint. First, James' wrongful discharge claim is not futile. James is allowed to plead alternative theories of recovery. **See** Fed. R. Civ. P. 8(d)(2); **Foman v. Davis**, 371 U.S. 178 (1962) (permitting leave to amend when the plaintiff's claim "did no more than state an alternative theory of recovery."). Second, while James explains her failure to timely amend her complaint to include the wrongful discharge claim was an oversight, there is no indication James acted in bad faith or had any dilatory motive. This is James' first request for leave to amend. James does not seek to add new parties or new and unknown facts. The facts underlying her current claims in the complaint are the same facts underlying the wrongful discharge claim in the proposed amended complaint. Midlands has been aware of such facts and some discovery pertaining to James' workers' compensation issue has occurred. Regardless, discovery remains open until August 29, 2014, and permitting James leave to amend would not create undue delay. Additionally, James is in the process of obtaining and producing records from her treating physician and surgeon and Midlands' workers' compensation insurance carrier. **See** Filing Nos. 75-77. In the event Midlands requires additional depositions of James and Midlands' management employees, Greta Vaught and Sharon Rasmussen, James will be responsible for paying the costs associated with the

deposition and Midlands' attorney fees covering one attorney's attendance at the deposition. This will alleviate any prejudice Midlands may suffer from James' oversight.

**IT IS ORDERED**:

The plaintiff's Motion for Leave to File Amended Complaint (Filing No. 66) is granted as set forth above. James shall have until **July 11, 2014**, to file her amended complaint.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 8th day of July, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge