## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEBRA K. JAMES** *ex rel.*<br>**UNITED STATES OF AMERICA,** | **8:13CV69** |
| **Plaintiff,** | |
| **vs.** | **ORDER** |
| **MIDLANDS CHOICE, INC., a Nebraska corporation,** | |
| **Defendant.** | |

This matter is before the court on the defendant's, Midlands Choice, Inc. (Midlands), Motion to Compel Production of Documents and Request for Sanctions (Filing No. 93). Midlands filed a brief (Filing No. 94) and an index of evidence (Filing No. 95) in support of the motion.  The plaintiff, Debra K. James (James), filed a brief (Filing No. 99) and index of evidence (Filing No. 100) in opposition.  In reply, Midlands filed a brief (Filing No. 105) and index of evidence (Filing No. 106).

## BACKGROUND

This case involves James' termination from Midlands in June of 2012.  **See** Filing No. 90 - Second Amended Complaint.  James generally alleges Midlands terminated her for exercising her rights under the Family Medical Leave Act (FMLA), submitting a workers' compensation claim, and for identifying Midlands' breach of contract with a health care provider.  **Id.**  James, an at-will employee, worked full-time as Midlands' Director of Provider Contracting from 2004 to June 1, 2012.  **Id.** at 4-12.  James' job responsibilities included negotiating contracts with health care providers.  **Id.**  In late 2010, James discovered and reported to Midlands' management that Midlands failed to implement negotiated contract terms with a provider.  **Id.**  As a result, the pricing on claims was incorrect.[1]  **Id.**  James alleges Midlands unilaterally altered the effective date of the negotiated contract with the provider to avoid re-adjudicating the claims.  **Id.**  James reported to senior management failure to implement the contract terms was illegal and fraudulent.  **Id.**

---

[1]  The contract pricing with providers was the basis for calculating and submitting claims to primary insurers and secondary government programs such as Medicare, Medicaid, and an Iowa reimbursement program.  **See** Filing No. 90 - Second Amended Complaint p. 2, 7.

During James' employment she suffered a non-work related injury in May of 2011 and a work related injury in April of 2011. *Id.* The second injury required surgery and rehabilitation. *Id.* James took FMLA leave for the second injury. *Id.* Midlands did not timely report or file James' workers' compensation matter regarding the second injury. *Id.* Following James' inquiry into Midlands' treatment of her FMLA leave time for both injuries, Midlands recalculated the amount of time attributed to James' leave. *Id.* James also questioned Midlands' allocation of time attributed to workers' compensation for work related injuries James reported. *Id.* Within months after raising such questions, Midlands terminated James' employment. *Id.*

James initiated this action on March 1, 2013. **See** Filing No. 1 - Complaint. On July 22, 2014, James filed a Second Amended Complaint. **See** Filing No. 90 - Second Amended Complaint. Midlands generally denies James' allegations, asserts several affirmative defenses, and alleges a counterclaim. **See** Filing No. 92 - Answer to Second Amended Complaint. In Midlands' counterclaim, Midlands alleges James breached her Employee Confidentiality Agreement by removing and disclosing confidential and proprietary information belonging to Midlands without Midlands' knowledge or authorization. *Id.*

The parties have exchanged numerous emails in an attempt to obtain and provide discovery. **See** Filing No. 94 - Brief p. 1-4; Filing No. 99 - Response p. 1-3; Filing Nos. 95-7 - 95-18 - Email Correspondence.[2] Midlands' instant motion stems from discovery requested in two sets of requests for production of documents as well as correspondence and recordings James referenced during her deposition, which were not previously produced. **See** Filing No. 94 - Brief p. 1-4; Filing Nos. 95-1 and 95-2 - First and Second Requests for Production of Documents; Filing Nos. 95-3 - 95-6 - James' Depo.[3] Gradually, James produced the requested discovery; however, some repeatedly requested discovery remains outstanding. **See** Filing No. 94 - Brief; Filing No. 99 - Response. Specifically, Midlands argues the following discovery remains outstanding: 1) James' second deposition; 2) Midlands' request

---

[2] The parties sufficiently delineate the exact dates and content of emails exchanged, which do not need to be replicated here. **See** Filing No. 94 - Brief p. 1-4; Filing No. 99 - Response p. 1-3 (compiling a chart explaining correspondence).

[3] As relevant here, Midlands sought all documents relating to any communication between James and any current or former employee of Midlands or any other persons that pertain to any of the allegations in this matter and all documents James received and removed from Midlands in connection with her employment. During James' deposition, James testified she communicated with former co-workers, recorded conversations with human resources, and used personal home computers for work. Following the deposition, Midlands requested discovery of the material James identified.

to inspect James' personal home computers for confidential documents from Midlands; 3) 2009 and 2013 tax returns; 4) audio recordings; and 5) email correspondence with former co-workers.  **See** Filing No. 94 - Brief.  Midlands argues the second deposition is necessary, and court authorized, due to additional discovery provided and James' added claim in her Second Amended Complaint.  *Id.*  Additionally, Midlands argues the outstanding discovery is relevant to Midlands' affirmative defenses and counterclaim.  *Id.*[4]

In response, James argues she has not engaged in any conduct that would warrant a motion to compel and sanctions under Fed. R. Civ. P. 37.  **See** Filing No. 99 - Response. James argues she does not have responsive emails with former co-workers and states the tax returns and third audio recording will be produced.  *Id.* at 4.  James contends she searched her personal computers and provided responsive documents to her counsel for production.  *Id.* at 4-7.  James argues the response delays were due to circumstances outside James' control.  *Id.*  James' counsel explains during Midlands' requests for discovery, James' counsel underwent unexpected surgery and follow-up procedures and moved to a new law firm after her previous firm closed its office.  *Id.*

Midlands replies its discovery requests were served well before the occurrence of James' counsel's life events, thus its motion to compel and request for sanctions should be granted.  **See** Filing No. 105 - Reply.  Midlands reiterates it was forced to file the instant motion because relevant discovery remains outstanding or was not provided until after the filing of this motion.  *Id.*  Midlands argues James previously admitted in her deposition she emailed former co-workers but now, without explanation, claims she has no responsive documents.  *Id.* at 3-4 (**citing** Filing No. 106-1 - James' Depo.).  Regarding documents on James' personal computers, Midlands contends James did not conduct a complete search of her computers and argues James has not provided an explanation for refusing to let a third-party search her computers.  *Id.* at 7-9.  Midlands asserts the court should order a third-party diagnostic search at James' expense due to the delay and lack of explanation.  *Id.* Additionally, Midlands argues to the extent one of James' computers is destroyed, the court should issue a spoliation sanction against James.  *Id.*

---

4   Midlands also requested a sixty-day extension of discovery deadlines; however, the matter is moot considering the parties subsequently filed a joint motion to extend case deadlines, which the court granted.  **See** Filing No. 98 - Second Amended Order Setting Final Schedule for Progression of Case.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.  **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).  Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."  *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

### A.    Discovery Dispute

The issue in this motion is not an objection to discovery requests but the delay in production of discovery.  The requested discovery, if it exists, is relevant to James' and Midlands' claims.  The court will address Midlands' discovery issues *in seriatim*.

### 1.    Former Co-Worker Correspondence

During James' deposition, James admitted she used her personal email address to communicate with former co-workers regarding the allegations in her lawsuit.  **See** Filing No. 106-1 - James' Depo.  In response to the instant motion, James represents she has no responsive documents.  **See** Filing No. 99 - Response p. 4; Filing No. 100-2 - James' Email.  Midlands argues this is contradictory.  However, James did not deny she communicated with former co-workers.   Instead, James stated she does not have responsive documents.  Midlands fails to account for the possibility James might not have older emails saved on her

computer or her email account.   If, after an exhaustive search, James does not have responsive emails she shall inform Midlands by October 3, 2014, why she does not have any emails.  If James discovers responsive emails, she shall produce such emails to Midlands by October 3, 2014.

### 2.      Tax Records and Tape Recordings

James explains production of the 2009 return was contested and James had not filed her 2013 return at the time of Midlands' discovery request.  Additionally, James explains her counsel was not aware the third recording failed to reach Midlands' counsel.   Midlands represents it finally received the third tape recording but has not received the 2009 and 2013 tax returns.   James' counsel represents James is now prepared to produce responsive tax returns; therefore, James shall produce the returns by October 3, 2014.

### 3.      Personal Computers

James initially objected to Midlands' February 12, 2014, discovery request seeking production of all documents received or removed from Midlands as a result of James' position; however, James subsequently produced some documents.   In response to the instant motion, James' counsel represents responsive documents were provided to her. James did not state whether those were the previously disclosed documents or are new documents.   If the documents were not previously disclosed, James' counsel shall produce such documents by October 3, 2014.

Midlands provided insufficient information for the court to compel production of James' personal computers for third-party review.   For example, Midlands has not provided the scope of review.  The court will not require James to send her personal computers to a third-party for an unlimited search, which could result in the discovery and disclosure of attorney-client communication or other irrelevant material.   Nevertheless, the parties shall confer and determine if James did a complete search of her computers.  If James has not done an exhaustive search, James should coordinate with Midlands' counsel to either review the computers or have a third-party review the computers.   Midlands can suggest a method of searching James' computers (i.e., terms to use, location to search, etc.).   James does not have to produce the computers to a third-party at her expense.  If James did an exhaustive search for confidential documents on her personal computers and found no additional

responsive documents, James should so inform Midlands.   James should disclose what terms she used and how she searched her computer.

Midlands also requests a spoliation sanction.   Midlands has not presented any evidence James' third personal computer is destroyed.   Additionally, there is no evidence of when James used the personal computer and whether it could contain confidential documents from Midlands.   Therefore, Midlands' request for a spoliation sanction is denied.

**B.     Sanctions**

Generally, the court would require additional briefing on the matter of sanctions, however, the parties used the briefing of this motion to address the appropriateness of sanctions, thus additional briefing is unnecessary.   Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.   But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Although production of the discovery was not immediate, some of the delays appear to have resulted from the discovery's unavailability (i.e., 2013 returns) or James' counsel's unforeseen circumstances and do not appear intentional.   Accordingly, sanctions, to the extent Midlands seeks, are inappropriate in this instance.   **See** Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii) (allowing the avoidance of sanction if "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust").   Additionally, James' second deposition is already at her expense as previously ordered.   **See** Filing No. 83 - Order p. 5-6.   However, several items of discovery should have been produced following Midlands' request in November of 2013.   Further, had James'

6

counsel more thoroughly communicated with Midlands' counsel or sought extensions, this motion could have been avoided.  For example, James' counsel could have clarified James did not have responsive emails with former co-workers, responded to Midlands' request to search the computers, or set a date for James' second deposition.  Accordingly, the court will award Midlands half of its attorneys' fees expended in filing this motion.  **See *J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.***, 2012 WL 1113343 (W.D. Mo. Mar. 31, 2012) (awarding attorney's fees for failure to timely produce documents).  The court is confident the parties can agree to promptly hold James' second deposition and come to a resolution regarding James' computers.  The court cautions James to avoid any more delays in producing discovery or sitting for a second deposition, and if a delay occurs, to file a motion to extend any necessary deadlines after showing good cause for the extension.

    **IT IS ORDERED**:

    1.    The defendant's Motion to Compel Production of Documents and Request for Sanctions (Filing No. 93) is granted as set forth in this order.

    2.    Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before October 3, 2014**, a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an agreement, the defendant may file **on or before October 8, 2014**, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to Civil Rules of the United States District Court for the District of Nebraska 54.3 and 54.4.  The plaintiff shall have until **on or before October 13, 2014**, to respond to the defendant's application.  Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

    Dated this 24th day of September, 2014.

                        BY THE COURT:

                         s/ Thomas D. Thalken
                        United States Magistrate Judge

7